IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| KEY EQUIPMENT FINANCE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:08-cv-2003-DV |
| ) | |
| ) | |
| JAY RESSOR and RON RESSOR, ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the court is the February 11, 2008 motion of the defendants, Jay Ressor and Ron Ressor ("Defendants"), to dismiss the complaint of the plaintiff, Key Equipment Finance, Inc. ("Key"), in this diversity case for improper venue under 28 U.S.C. § 1391(a). Though not stated in the Defendants' motion, the improper venue challenge is brought pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Specifically, the Defendants argue that venue is improper in this district because they are both adult resident citizens of Desoto County, Mississippi, and not of Shelby County, Tennessee. Key has filed a response in opposition to the motion. The parties have consented to a non-jury trial of this matter before the undersigned United States Magistrate Judge. For the following reasons, the Defendants' motion to dismiss is denied.

BACKGROUND

On January 2, 2008, Key filed a complaint alleging that the Defendants had breached a guaranty agreement and owed it $220,178.23. (Mem. Supp. Pl.'s Resp. 1.) The guaranty agreement covered a lease agreement for equipment sales of vehicle tracking sensors to a Tennessee corporation, Go Logistics, Inc. (*Id.*) Because Go Logistics failed to pay Key for the vehicle tracking sensors as provided for under the lease agreement, Key now seeks to collect from the Defendants under the guaranty agreement. (*Id.*) The lease agreement lists a Memphis, Tennessee, address as the business address for Go Logistics and as the location at which the vehicle tracking sensors were located. (*Id.*) All payments made under the lease agreement were also sent from the same Memphis, Tennessee address. (*Id.* at 3.)

ANALYSIS

A party may assert a defense of improper venue in a motion. FED. R. CIV. P. 12(b)(3). In their motion to dismiss, the Defendants state that venue is improper under 28 U.S.C. § 1391(a) because neither of the Defendants reside in the Western District of Tennessee, as required to establish proper venue under subsection (1) of 28 U.S.C. § 1391(a). (Defs.' Mot. Dismiss 1.) In opposition, Key argues that venue is nevertheless proper under subsection (2) of 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in the Western

2

District of Tennessee.  (Mem. Supp. Pl.'s Resp. 2-3.)

For an action, such as the present one, where jurisdiction is founded solely upon diversity of citizenship, 28 U.S.C. § 1391(a) provides, in relevant part, that venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1)-(2).  Under subdivision (a)(2), a diversity plaintiff "may file his complaint in any forum . . . with a substantial connection to the plaintiff's claim." *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998).  Venue is proper as long as there are substantial connections to the case in the plaintiff's chosen district, and it makes no difference if another district has more substantial connections than the chosen district.  (*Id.*)  The determination of whether a location has a substantial connection to a claim that makes venue proper under subsection (a)(2) should be made on a case by case basis. *BlueCross BlueShield of Tenn., Inc. v. Griffin*, No. 1:03-CV-140, 2004 WL 1854165, at *3 (E.D. Tenn. Jan. 6, 2004) (citing 16 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 230:109 (3d ed. 2007)).

Here, the Western District of Tennessee has substantial connections with the case.  The lease and guaranty agreements that gave rise to this action involved a corporation located within this district.  The equipment that was the subject of the lease

3

agreement was located within this district.  Furthermore, all payments made under the lease agreement originated from a corporation within this district.  As such, all of the underlying facts that gave rise to this action, i.e., the execution, guaranty, and eventual breach of the lease agreement, are connected to the Western District of Tennessee.  Accordingly, substantial connections exist and venue is proper under 28 U.S.C. § 1391(a)(2).

CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss for improper venue is DENIED.

IT IS SO ORDERED this 25th day of March, 2008.

 s/ Diane K. Vescovo         
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE